AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Tracking of )
*(Identify the person to be tracked or describe* )
*the object or property to be used for tracking)* )
IN THE MATTER OF THE TRACKING OF 2015 ) Case No. 2:21-mj-218
BLACK CHEVROLET IMPALA, LICENSE PLATE )
NUMBER JFL3659, VIN # 2G1165S38F9147472 )

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841(a)(1)__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☐ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

☑ Delayed notice of __60__ days (give exact ending date if more than 30 days: __5/31/2021__ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Sam Chappell, ATF TFO
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: __4-1-21__

City and state: __Columbus, Ohio__

Chelsey M. Vascura
*Judge's signature*

Chelsey M. Vascura, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN JUDICIAL DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE TRACKING OF **2015 BLACK CHREVROLET IMPALA,** LICENSE PLATE NUMBER **JFL3659**, VIN # **2G1165S38F9147472** | Case No. 2:21-mj-218<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Samuel Chappell, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device in/on a **2015 black Chevrolet Impala** bearing license plate number **JFL3659** and vehicle identification number **2G1165S38F9147472** ("the SUBJECT VEHICLE"). Based on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE is presently being used in furtherance of violations of: 18 U.S.C. § 1956 (a)(1)(A)(i) (laundering of monetary instruments with the intent to promote the carrying on of the specified unlawful activity); 18 U.S.C. § 1956 (a)(1)(B)(i)(laundering of monetary instruments with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity); and 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance) (collectively referred to as the "SUBJECT OFFENSES"); and that there is probable cause to believe that the installation of a tracking device in/on the SUBJECT VEHICLE and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2.  I am a Columbus Ohio Police Office (Columbus Police Department) currently assigned as a Task Force Officer (TFO) with the bureau of Alcohol Tobacco and Firearms (ATF). The Columbus Division of Police has employed me since 2007. My responsibilities as a Task Force Officer include the investigation of violent criminal street gangs, narcotics traffickers, money launders, and firearm related crimes. I have participated in the execution of search warrants, tracking warrants, and arrests related to the above-referenced offenses. By virtue of my experience and training, I am familiar with vehicle tracking devices. Throughout this affidavit, reference to "investigators" specifically refers to criminal investigators.

## PROBABLE CAUSE

3.  This affidavit is submitted for the limited purpose of establishing probable cause and therefore contains only a summary of the relevant facts. I have not included each and every fact that I, or others, have learned during the course of this investigation. The information set forth in this affidavit is based on my own participation in the investigation, information I have received from other law enforcement officials and from my other agents' analysis of documents and records relating to this investigation. As one of the case agents on this investigation, I am familiar with the investigative efforts of other agents/Columbus Police Detectives who have worked on this investigation. Further, I am familiar with the evidence gathered through the issuance of search warrants, subpoenas, and information provided to myself and other agents by cooperating individuals and informants.

4.  The United States, including the bureau of Alcohol Tobacco and Firearms (ATF) is conducting a criminal investigation of Larry Rowe related to the SUBJECT OFFENSES.

5.  As more fully established below, probable cause exists to believe that Larry ROWE is a drug trafficker and that ROWE likely launders his drug proceeds through several

bank accounts using LLCs. However, law enforcement does not know exactly where and how ROWE sells his drugs, the location where ROWE stores his drugs, the identities of all of ROWE's customers, or whether he launders drug proceeds through any other financial institutions. Therefore, there is probable cause to believe that knowing ROWE's location, and being able to possibly discover patterns of movement for ROWE, will assist law enforcement in determining these unknown pieces of information.

6. Investigators previously attempted to place a tracking device on the SUBJECT VEHICLE (2:21-MJ-185), but were unable to as ROWE was out of the country and investigators were not able to find the vehicle at its usual locations. Since ROWE's return to the United States of America investigators have observed the subject vehicle.

A. *Larry ROWE Criminal History*

7. In the Franklin County, Ohio Common Pleas Court, ROWE has previously been convicted of attempted possession of drugs, escape, improper handling of a firearm, possession of drugs, and attempted bribery. In the United States District Court for the Southern District of Ohio, in Case No. 2:14CR269, ROWE was previously convicted of possession with intent to distribute controlled multiple controlled substances, including cocaine, cocaine base, heroin, and marijuana), as well as possession of one or more firearms by a previously convicted felon. For these offenses in the above-described prior federal case, ROWE was sentenced to a total of 50 months of imprisonment. ROWE was released from federal custody on or about August 1, 2018.

B. *Narcotics Trafficking*

8. Through surveillance and other investigatory techniques, investigators know Rowe to use the following addresses in or around Columbus: 1908 Solera Dr., 3720 Hammerwood Ct., and 2618 Christine Blvd.

3

9. As part of a separate investigation related to a current defendant in the Southern District of Ohio, Larry Smith, investigators were conducting surveillance of 1570 Duxberry Ave. Columbus, Ohio. Between August and December of 2020 investigators observed ROWE arrive at 1570 Duxberry Ave several times. As documented later in this affidavit, ROWE was the previous owner of 1570 Duxberry Ave. Columbus Ohio.

10. On or about December 1, 2020, during surveillance, investigators observed Smith drive his White Tahoe to a location in Columbus, Ohio investigators believe to be used for narcotics trafficking. Smith entered the location. While on surveillance investigators observed a person hereafter identified as Confidential Source 1 (CS1) exit the residence. A short time later, Smith exited the residence and went to 1570 Duxberry Ave. Shortly after Smith returned to 1570 Duxberry Ave., investigators observed ROWE arrive and enter into 1570 Duxberry Ave. ROWE left the house a short time later with an unknown item in his hands.

11. A traffic stop was conducted on CS1 after he/she left the home Smith was seen entering. During the stop investigators found marijuana, crack, and an unknown powdery substance suspected to be narcotics. Following the stop, CS1 described a male inside the location matching Smith's description, who drives a new white Tahoe. CS1 stated Smith arrived at the location with approximately 4 ounces of fentanyl and several pounds of marijuana. CS1 stated that Smith took some of the fentanyl and left the rest at 1570 Duxberry. CS1 stated that Smith left the location right after he/she did.

12. On or about January 28, 2021, a search warrant was executed at 1570 Duxberry Ave. Columbus, Ohio. During the search investigators found over three hundred (300) grams of fentanyl, a stolen firearm, cocaine, and marijuana. Based on that search, and a longer term

investigation, Smith was charged in S.D. Ohio Case No. 2:21-mj-062, on or about January 28, 2021.

13. Investigators recovered three phones from the search warrants executed on or about January 28, 2021. In Smith's contacts in one of the phones, the number (614) 592-8283 is listed as "Bliz." The investigation has indicated that this number likely belongs to ROWE, as he listed it in a Columbus Division of Police report in 2018; in addition, a letter from the Ohio Department of Job and Family Services dated January 22, 2021, shows ROWE used the number on his initial application for Pandemic Unemployment Assistance (PUA). Upon review of the phone at issue, investigators documented texts from Smith to and from ROWE for the period of September 3, 2020, to January 25, 2021, the time period relevant to Smith and ROWE's suspected drug-trafficking activities.

14. On or about September 3, 2020, Smith texted a photo of marijuana and bottle of promethazine (a controlled substance in the form of cough syrup commonly referred to as "lean") to ROWE with a map showing Solera Dr.

15. On or about February 24, 2021, investigators observed ROWE park the SUBJECT VEHICLE in front of 3720 Hammerwood Ct. and enter the front door of 3720 Hammerwood Ct. using a key. ROWE was then observed leaving the apartment and driving the SUBJECT VEHICLE to a Sunoco Gas Station located at Stelzer Rd. and Agler Rd. At the gas station, ROWE made contact with an unknown male. The unknown male entered the passenger seat of the SUBJECT VEHICLE and left the vehicle after a short period of time. The unknown male then entered a vehicle bearing Texas license plate MKB8304. Based on training and experience, such conduct is consistent with hand-to-hand narcotics transactions. A record check

of Texas plate MKB8304 showed that the vehicle had been rented by Mark Langford. The male matched Langford's description. Langford has prior convictions for narcotics offenses.

16. On or about February 25, 2021, during surveillance, investigators observed the SUBJECT VEHICLE parked in front of 1908 Solera Dr. Investigators observed an unknown male park a sliver Ford Fusion in front of 1908 Solera Dr. The male walked inside of 1908 Solera Dr. Less than five minutes later the male walked out of 1908 Solera Dr. and entered the driver's seat of the silver Ford Fusion. Investigators followed the Ford Fusion to a Sunoco Gas Station located at Karl Rd. and Schrock Rd. While the vehicle was parked at the gas pumps, investigators observed an unknown female approach the vehicle and conduct what investigators believe to be, based upon training and experience, a hand-to-hand narcotics transaction with the unknown male.

17. On or about March 4, 2021, during surveillance, investigators observed the SUBJECT VEHICLE parked in front of 1908 Solera Dr. ROWE was then observed leaving the residence with a small black bag. ROWE entered the driver's side of the SUBJECT VEHICLE and drove to the other side of the apartment complex. ROWE exited the SUBJECT VEHICLE and approached a Cadillac Escalade. ROWE was then observed conducting what law enforcement believed, based upon training and experience, to be a hand-to-hand narcotics transaction with an unknown occupant of the Cadillac.

18. ROWE then drove away in the SUBJECT VEHICLE. ROWE was then followed by investigators to a residence in Columbus, Ohio, where he was met by individuals matching the descriptions of Michael Lanier and Levar Douglas. Douglas has two prior conviction in Franklin County for possession of narcotics. ROWE, Lanier, and Douglas were then observed exiting the residence at the same time. Douglas was observed carrying a white bag, a cup, and a

box of latex gloves. Investigators know from training and experience that narcotics traffickers often use latex gloves when handling dangerous narcotics to avoid accidental exposures. ROWE and one of the males returned to 1908 Solera Dr.

19. On or about March 4, 2021, investigators observed the SUBJECT VEHICLE parked near 1908 Solera Dr. During surveillance investigators observe a Volvo park near 1908 Solera Dr. ROWE exited the residence and conducted what law enforcement believes, based upon training and experience, to be a hand-to-hand narcotics transaction with the unknown person inside of the Volvo. ROWE then entered 1908 Solera Dr. and the Volvo left the area.

20. On or about March 13, 2021, during surveillance, investigators observed the SUBJECT VEHILCE park near 26189 Christine Blvd. in Columbus. The SUBJECT VEHICLE was parked there for less than a minute before it left the area. The SUBJECT VEHICLE drove to 1908 Solera Dr. Several minutes later ROWE was observed leaving 1908 Solera Dr. carrying a black bag. ROWE left the area driving the SUBJECT VEHICLE. Law enforcement believes, from training and experience, and based upon the above information herein, that such conduct is consistent with narcotics-trafficking activities.

21. On or about March 21, 2021, investigators observed the SUBJECT VEHICLE parked near 1908 Solera Dr.

C. *Fraud Activities*

22. On or about September 1, 2018, an individual named Alexis George filed Domestic for Profit LLC Articles of Organization paperwork with the Ohio Secretary of State's office for a business named Rowe Foundation LLC. On or about October 4, 2019, Rowe Foundation LLC filed Domestic for Profit LLC Articles of Organization paperwork with the

Ohio Secretary of State's office for a business named Buckeye One Stop Shop LLC, naming Alexis George as the statutory agent.

23. Investigators believe that Larry ROWE and Alexis George have either a business arrangement or partnership, as Alexis George is the statutory agent for the Rowe Foundation and Buckeye One Stop Shop LLC. Records obtained through the Small Business Administration indicate that Larry ROWE claimed to have 100% ownership of both LLCs. Alexis George and Larry ROWE are both authorized signors on a Chase bank account titled Rowe Foundation LLC. Alexis George was listed as an authorized user on two credit cards where Larry ROWE was the name on the accounts. Both Larry ROWE and Alexis George have used the address of 2618 Christine Blvd., Columbus, Ohio 43231, for various financial accounts in their names. These address, business, and financial connections indicate a business arrangement or partnership connection between Larry ROWE and Alexis George.

24. On or about June 21, 2019, the Rowe Foundation LCC purchased the above-described 1570 Duxberry Ave. Columbus, Ohio for the listed sale price of $5,000.00. On or about June 24, 2020, Larry Smith purchased 1570 Duxberry Ave. for the listed sale price of $15,000.00. On or about October 21, 2020, Smith listed 1570 Duxberry Ave. for sale. The listed sale price was $119,900.00. Investigators viewed the home listing and photos online. The home was listed as having been totally rehabbed. The home was listed as having new windows, roof, siding, and a new HVAC system. The investigation has indicated that the improvements to 1570 Duxberry Ave. were made prior to the sale of the home to Smith. At no time during surveillance of the home did investigators observe any activity at the home consistent with home improvement. The home went into contract on or about January 30, 2021, for the sale price of 108,000.00.

25. On or about February 11, 2019, the Rowe Foundation LLC received the property located at 1419 Nineteenth Avenue, Columbus, Ohio for a recorded transfer price of zero dollars from Alexis George. The Franklin County Auditor's website showed Alexis George purchased the property on December 5, 2018, for $20,000. The Franklin County Auditor's 2020 appraised value for the property is $70,300. An internet search conducted on February 23, 2021, found on the website Zillow that the property allegedly sold on February 16, 2021, for $163,900.

26. On or about November 7, 2019, the Rowe Foundation LLC purchased the property located at 1511 Twenty Sixth Avenue, Columbus, Ohio for a recorded purchase price of $15,500. An internet search conducted on February 23, 2021, found on the website Zillow that Zillow's estimated value for the property was $97,434.

27. On or about December 9, 2019, the Rowe Foundation LLC purchased the property located at 2317 Grasmere Avenue, Columbus, Ohio for a recorded purchase price of $10,000. An internet search conducted on February 23, 2021, found on the website Zillow that Zillow's estimated value for the property was $73,174.

28. Records from the Ohio Department of Taxation dated March 8, 2021, related to Larry A. ROWE and any associated businesses showed no personal tax returns had been filed for years 2015 through 2019 or any business taxes for 2015 through 2021. Similarly, Alexis George had filed no personal returns for 2016 and 2018 or any business taxes for 2015 through 2021. Alexis George did file 2015, 2017, and 2019 personal tax returns that listed Federal Adjusted Gross Income (AGI) of $15,095, $19,504, and $14,740.00, respectively. For 2019, George listed Nurses Heart Medical Staffing as her primary income.

29. Records from the Ohio Department of Taxation show that the following entities are associated with ROWE and/or Alexis George: Buckeye One Stop Shop LLC, Guardian

9

Angel Home Health LLC, National Medical Billing LLC, Rowe Foundation LLC, and Lexy Loo's LLC. Further, a records check with the Ohio Department of Taxation indicates that these entities have not filed any business taxes from 2015–2021.

30. A review of Ohio Department of Job and Family Services Office of Unemployment Insurance Operation records indicated that Larry A. ROWE received Pandemic Unemployment Assistance (PUA) payments. The records showed for the period May 21, 2020, to September 23, 2020, that he received $13,929 in payments. ROWE listed his occupation as passenger vehicle driver. ROWE listed that he had done that type of work for one (1) year. Rowe listed his last date worked as April 4, 2020. ROWE stated that he was unable to be present at the place of employment because he had been advised by a health care provider to self-quarantine due to concerns related to COVID-19. Further, ROWE answered that his hours had been reduced to less than ten 10 hours in a two-week span. Despite regular surveillance regarding ROWE, the investigation has not observed ROWE working as a passenger vehicle driver.

31. A review of records received from the federal Small Business Administration showed that the following business entities associated with ROWE and/or George submitted applications for economic injury disaster loans: Rowe Foundation LLC, Buckeye One Stop Shop LLC, National Ambulance & Medical Billing LLC, and Guardian Angel Home health LLC. The contact name for Rowe Foundation LLC and Buckeye One Stop Shop LLC was Larry ROWE, with a listed ownership of 100%. The contact name for National Ambulance & Medical Billing LLC and Guardian Angel Home Health LLC was Alexis George, listed at 100% ownership. All of the loans appeared denied but the Rowe Foundation LLC did received a $10,000 advance from the SBA. The Rowe Foundation LLC claimed gross revenue of $100,000, with cost of goods listed at $10,000, and $5,000 in business rental properties.

32. Records from the federal Small Business Administration for Buckeye One Stop Shop LLC application for economic injury disaster loan show that Buckeye One Stop Shop had a gross revenue of $120, 00.00 with a cost of goods listed at $20,000.00. The business address listed is 2222 Summit St. Columbus, Ohio 43201. On the Articles of Incorporation for Buckeye One Stop Shop LLC local convenient and grocery store including Ohio State gear is listed under purpose.

33. On or about March 17, 2021 during the afternoon hours investigators went to 2222 Summit St. Columbus, Ohio 43201. The business was closed with the roll down security screen in place over the windows and doors. Posted on the outside of Buckeye One Stop Shop was an eviction notice from the city of Columbus dated March 15, 2021 to the Rowe Foundation. Also posted on the outside of the business was a notice to Larry ROWE, Alexis George and the Rowe Foundation from Wael Hussein who was listed as the landlord. The notice was dated January 26, 2021 and stated that they must pay the sum of $3250.00 in three days or vacate the premises.

34. A review of Larry ROWE's Huntington National Bank checking account ending in 6567 showed cash deposits during the period of June 2018 through September 9, 2019, totaling $31,312. Your affiant is aware, from training and experience, that narcotics traffickers tend to prefer and utilize cash currency as part of their drug-trafficking activities. Additionally, between the periods of April 2019 through August 2, 2019, there were Zelle Transfers and Coinbase deposits totaling $2,514.87 into ROWE's Huntington National Bank Account. (I am aware, based upon training and experience, that Coinbase is a digital cryptocurrency exchange.)

35. A review of Larry ROWE's Kemba Financial Credit Union checking and savings accounts ending in 4681-80 and 4681-00, respectively, showed teller deposits during the period of June 2019 through April 2020 totaling $22,572 and wire deposits totaling $17,874.99.

36. A review of records related to Discover Card accounts in the name of Larry A. ROWE showed payments totaling $33,499.91 were made during the period of July 2, 2018, to December 2, 2019. Larry A. ROWE was listed as primary for the account and Alexis George was listed as authorized.

37. A review of Credit One Bank credit card statements for Larry ROWE showed payments totaling $8,463.60 during the period January 3, 2019, and December 15, 2019.

38. A review of Capital One credit card statements for Larry ROWE showed payments totaling $14,584.80 during the period between September 24, 2017, and July 13, 2019. Larry A. ROWE was listed as primary for the account and Alexis George was listed as an authorized user.

39. The investigation has indicated a likelihood that ROWE purchased his first property using narcotics proceeds. In addition, at the time of purchase, he had no discernable source of income. Based upon the investigation, the circumstances indicate that ROWE likely then used narcotics proceeds to rehab and improve the property. He then sold the property for a profit. The investigation indicates that any profit from the initial sale was then made to look like legitimate money that ROWE reinvested in other properties. The investigation has further indicated that, regarding a number of the properties indicated in this affidavit, there were building permits obtained related to the potential improvements regarding the properties. Nevertheless, the investigation has indicated that ROWE has continued the cycle of laundering narcotics proceeds through property purchases, improvements, and sales. That is, the lack of any

apparent job or work, the lack of state tax filings, the observed hand-to-hand narcotics transactions, the records showing a large amount of cash deposits in multiple bank accounts, the misrepresentation of his work as a passenger vehicle driver on the PUA application, as well as the property purchases, all support investigators' belief that ROWE is laundering narcotics proceeds through property purchases and sales.

C.      *SUBJECT VEHICLE links to Rowe*

40.      A records search of a police database shows that the SUBJECT VEHCILE is registered to Alexis George.

41.      Investigators have observed ROWE driving the SUBJECT VEHCILE on multiple occasions during surveillance. At no time have investigators observed anyone else driving the SUBJECT VEHCILE.

42.      Based on investigators' observations, law enforcement is aware that the SUBJECT VEHICLE is presently within the Southern Judicial District of Ohio.

43.      In order to track the movement of the SUBJECT VEHICLE effectively and to decrease the chance of detection, I seek authorization to place a tracking device in/on the SUBJECT VEHICLE while it is in the Southern Judicial District of Ohio.

44.      To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours. The SUBJECT VEHICLE is commonly parked at two different apartment complexes, called the Reserve at Sharon Woods and the Residence at Town Center, respectively. The parking lots used by these apartment complexes are common lots used by multiple residents where there is often traffic during daylight hours.

13

45. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period not to exceed 45 days following issuance of the warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

46. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of ATF or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device in/on the SUBJECT VEHICLE within the Southern Judicial District of Ohio within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; and to monitor the tracking device for a period of up to 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Southern Judicial District of Ohio.

47. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 60 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

Respectfully submitted,

_____
Samuel Chappell
Task Force Officer
ATF


Subscribed and sworn to before me on  APRIL  1  , 2021

_____
~~ELIZABETH A. PRESTON DEAVERS~~ Chelsey M. Vascura
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF OHIO